INTEX PLASTICS SALES COMPANY,
Plaintiff–Appellee,

v.

UNITED NATIONAL INSURANCE
COMPANY, Defendant–
Appellant,

and

New England Reinsurance Company;
1st State Insurance Company,
Defendants.

INTEX PLASTICS SALES COMPANY,
Plaintiff–Appellee,

v.

UNITED NATIONAL INSURANCE
COMPANY, Defendant,

and

New England Reinsurance Company;
1st State Insurance Company,
Defendants–Appellants.

Nos. 91–55276, 91–55330.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1991.

Submission Deferred Dec. 23, 1991.

Resubmitted March 30, 1994.

Decided May 2, 1994.

James C. Nielsen, Wright, Robinson, McCammon, Osthimer & Tatum, San Francisco, CA, for defendant-appellant United Nat. Ins. Co., John N. Frye, Frye, Tanzer & Alberts, Los Angeles, CA, for defendants-appellants New England Reinsurance Co. and First State Ins. Co.

David A. Gauntlett, Callahan & Gauntlett, Irvine, CA, for plaintiff-appellee.

Before: PREGERSON, CANBY, and RYMER, Circuit Judges.

Opinion by Judge RYMER.

RYMER, Circuit Judge:

■ United National Insurance Company, New England Reinsurance Company, and First State Insurance Company appeal the grant of summary judgment in favor of Intex Plastics Sales Company. The district court held that all three insurers had a duty to defend Intex in a patent infringement suit under the insurers' Comprehensive General Liability (CGL) Policies which cover "advertising injury." We must decide whether there is a duty to defend a suit for patent infringement under a policy that covers "advertising injury," including "piracy." We have jurisdiction, 28 U.S.C. § 1291, and we hold that there is no duty to defend.

I

Intex is a California corporation which, since 1982, has manufactured and sold waterbed mattresses and products. Each of the insurers issued Intex a CGL Policy that covered "advertising injury." The policies state:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or *advertising injury* to which this insurance applies. . . .

.    .    .    .    .

"Advertising injury" means injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, *piracy*, unfair competition, or infringement of copyright, title or slogan.

(Emphasis added.) New England Reinsurance Company's policy covered August 1, 1981 to August 1, 1982; First State Insurance Company's policy covered August 1, 1982 to August 1, 1983; and United National Insurance Company's policy covered February 1, 1984 to August 1, 1984.

Intex argues that these policies cover a counterclaim brought by Charles Prior Hall. Hall owns a patent for "liquid support for human bodies," i.e., a waterbed. Around September 1982, Hall, believing that Intex was infringing his patent, offered to enter into a licensing agreement with Intex. Intex obtained an opinion from patent counsel that the Hall patent was invalid, and so Intex refused. Hall nevertheless continued to contact Intex about the patent, at some points threatening litigation. In April 1985, Intex filed a declaratory relief action claiming that Hall's patent was invalid and unenforceable. Hall counterclaimed in May 1985, arguing that his patent was infringed. Hall then filed an amended counterclaim on July 2, 1988. In it he alleges that his patent is valid and enforceable and that Intex has willfully infringed or contributorily infringed each and every claim of the patent by making and selling, and inducing the making and selling of, waterbed mattresses and other waterbed products.

Because the insurance companies contested coverage over the Hall counterclaim, Intex brought this action, seeking a declaration that the insurers had a duty to defend. On summary judgment, the district court found that the "advertising injury" clause covered Hall's action, and ruled for Intex. The insurers now appeal.

II

A grant of summary judgment is reviewed de novo. *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Cas. Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989).

### III

The insurers argue that the district court erred in holding that Hall's patent infringement suit was covered under the "advertising injury" clause. The district court found that the terms "advertising activity, piracy, and unfair competition were not defined and therefore should be interpreted against the insurer." It interpreted advertising injury to include "injury arising out of patent infringement," and found that Hall's lawsuit "trigger[s] the possibility or potential for liability under the [policy]."

We deferred submission of this case to await the California Supreme Court's decision in *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992). *Bank of the West* held that an Unfair Business Practices Act claim alleging excessive finance charges for automobile insurance premiums did not occur in the course of a bank's "advertising activities" and therefore was not covered under an advertising injury clause identical to the one involved in this case. *Id.* at 1277, 10 Cal.Rptr.2d 538, 833 P.2d 545. The court recognized a duty to indemnify only those injuries having a "causal connection" to the insured's advertising activity. *Id.*

*Bank of the West* specifically discussed patent infringement, stating that "a claim of patent infringement does not 'occur[ ] in the course of ... advertising activities' within the meaning of the policy even though the insured advertises the infringing product, if the claim of infringement is based on the sale or importation of the product rather than its advertisement." *Id.* at 1275, 10 Cal.Rptr.2d 538, 833 P.2d 545 (alterations in original) (citing *National Union Fire Ins. Co. v. Siliconix, Inc.,* 729 F.Supp. 77, 80 (N.D.Cal. 1989)). Under *Bank of the West,* the dispositive coverage issue is whether Hall's cause of action is based on the sale or importation of Intex's products, rather than their advertisement.

■ This case differs from *Bank of the West* and *Siliconix* in that it involves the duty to defend, not the duty to indemnify. The duty to defend is broader than the duty to indemnify. *Horace Mann Ins. Co. v. Bar-*

*bara B.,* 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993). A duty to defend exists if there is a "possibility" or "potential" for coverage whether revealed by facts alleged in the complaint or otherwise known to the insurer. *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 276–77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966); *see also Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 300, 24 Cal. Rptr.2d 467, 861 P.2d 1153 (1993).

It follows from *Bank of the West* and *Siliconix* that there can be no potential for coverage when the insured is being sued for direct infringement of a patent under 35 U.S.C. § 271(a). Because direct infringement involves the making, using, or selling of the patented invention, the infringement does not occur in the course of the insured's advertising activities. *See Everest & Jennings v. American Motorists Ins. Co.,* 23 F.3d 226, 228–229 (9th Cir.1994); *Siliconix,* 729 F.Supp. at 80. Intex argues, however, that the present case is distinguishable because it involves claims of contributory and inducing infringement under 35 U.S.C. § 271(b), (c).

According to Intex, it cannot be held liable as a direct infringer because each of the claims in Hall's patent includes the limitation of a rigid bed frame and Intex does not make, use, or sell waterbed frames. Rather, Intex makes only waterbed mattresses and other products that are component parts of Hall's patented combination. Intex claims that through its advertising materials, it induced others to directly infringe Hall's patent by providing instructions on how to assemble waterbeds using Intex's products. It contends that the insurers have a duty to defend it from liability for this inducement. In support of this argument, Intex points to a number of sales brochures attached as exhibits to Hall's pretrial statement.

■ Because *Siliconix* involved only an insured's liability for direct infringement, *Bank of the West* arguably left open the possibility that the requisite causal connection between the advertising activity and the injury can be established where the insured is liable for inducing infringement through advertising. This possibility has since been

foreclosed, however, by the recent decision in *Aetna Casualty & Surety Co. v. Superior Court*, 19 Cal.App.4th 320, 23 Cal.Rptr.2d 442 (1993). In *Aetna*, the court of appeal rejected the insured's argument that its potential liability for inducing infringement created a duty to defend. *Id.* at 330–33, 23 Cal.Rptr.2d 442. The court reasoned that because such conduct is both intentional and inherently harmful, coverage is barred by California Insurance Code § 533, which withholds insurance coverage for any loss caused by a "willful act" of the insured. *Id.*[1]

Intex argues that no public policy prevents the *defense* of claims alleging intentional acts. *See Horace Mann*, 4 Cal.4th at 1087, 17 Cal.Rptr.2d 210, 846 P.2d 792. As in *Aetna*, however, there simply is no potential for coverage here. If Intex is not found liable for inducing infringement through its advertising materials, then any liability would be for contributory infringement based on its sales of waterbed products, which clearly would not be covered. Under these circumstances, there is no duty to defend.

Summary judgment in favor of Intex is reversed, and judgment is directed in favor of United National, New England Reinsurance, and First State Insurance.[2]

REVERSED AND REMANDED.

---

1. Although Intex submits that *Aetna* is not binding on this court, we generally will follow an intermediate appellate court's decision unless there is compelling evidence that the state supreme court would decide the issue differently. *State Farm Fire & Cas. Co. v. Abraio*, 874 F.2d 619, 621 (9th Cir.1989). This is particularly true where, as in *Aetna*, the California Supreme Court has denied review. *Id.*

2. Since we hold that there is no duty to defend under the "advertising injury" language of the insurance policies, we do not reach the insurers' other arguments.