33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BIG SUR WATERBEDS, INC., Plaintiff-Appellant,
v.
MARYLAND CASUALTY CO.; Northern Insurance Co. of New York;
American Fire and Casualty Co., aka Maryland
Insurance, Defendants-Appellees.
 No. 93-55491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Aug. 9, 1994.
 
 1
 Before: D.W. NELSON, and NOONAN, Circuit Judges, and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Big Sur, a retailer of waterbeds and related products, was sued for infringement of a patent in an underlying action. Big Sur tendered the defense to its insurers, the appellees in this case, Maryland Casualty Company and its affiliates, Northern Insurance Company of New York and American General Fire and Casualty Company. The insurance companies accepted the tender but with a full reservation of rights. Big Sur then sued appellees for a declaration that the insurance companies owed Big Sur a defense based on the advertising injury coverage in the insurance policies.
 
 
 4
 Because California law is clear that actual patent infringement is not covered by an advertising injury insurance clause, Bank of the West v. Superior Court, 2 Cal.4th 1259, 1275 (1992), Big Sur was forced to argue that its exposure for inducement of patent infringement was linked to its advertising activities and therefore gave rise to a duty to defend based on the advertising injury clause in its insurance policies. Big Sur also argued that Bank of the West only resolved the coverage issue and did not resolve the duty to defend issue. The district court rejected Big Sur's arguments and granted the insurers' motion for summary judgment and denied Big Sur's cross-motion for partial summary judgment. Big Sur appealed.
 
 
 5
 Big Sur's appeal must fail. The district court correctly anticipated our recent interpretation of California law in which we held that an alleged inducement to infringe a patent does not trigger a duty to defend based on an advertising injury clause in an insurance policy. Intex Plastics Sales Co. v. United National Insurance Co., 23 F.3d 254, 256-7 (9th Cir.1994). Intex was a case remarkably similar to the case at bar and is controlling; the district court correctly found that appellees owed no duty to defend to Big Sur.
 
 
 6
 In addition, Big Sur challenges the district court's order that it reimburse appellees the $164,059 that they advanced for Big Sur's defense in the underlying patent action. Big Sur contends that the district court should have submitted the fee dispute to arbitration pursuant to California Civil Code Sec. 2860. Because the requirement to submit fee disputes to arbitration arises only if a duty to defend exists, Handy v. First Interstate Bank of California, 13 Cal.App.4th 917, 923 (1993), the district court was correct in refusing to submit the fee dispute to arbitration. Big Sur also contends that the amount of attorneys' fees was unreasonable but does not provide any persuasive evidence to support a finding that the district court abused its discretion in ordering Big Sur to reimburse appellees $164,059 in attorneys' fees. The record shows that the district court considered Big Sur's five specific objections to the amount of attorneys' fees awarded and disposed of those objections reasonably.
 
 
 7
 For the reasons stated above, we AFFIRM the district court's grant of appellees' summary judgment motion and its denial of appellant's cross-motion for summary judgment.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3