46 F.3d 1138
 33 U.S.P.Q.2d 1681
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AQUA QUEEN MFG. CO., INC., Plaintiff-Appellee, Cross-Appellant,
v.
CHARTER OAK FIRE INS. CO., Defendant-Appellant, Cross-Appellee.
 Nos. 93-55704, 93-55815.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 5, 1994.
Decided: Jan. 27, 1995.
 
 1
 Before: SCHROEDER, FLETCHER, and THOMPSON Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Charter Oak Fire Insurance Company ("Charter Oak") appeals the grant of summary judgment in favor of its insured, Aqua Queen Manufacturing Company ("Aqua Queen"). The district court held that Charter Oak had a duty to defend Aqua Queen in an underlying patent infringement lawsuit. Charter Oak claims that a provision in its insurance policy creating coverage for acts of "piracy" arising out of advertising does not include suits for patent infringement. Aqua Queen cross-appeals, claiming that the district court erred by applying the arbitration requirements of California Civil Code Sec. 2860 to its claim for breach of contract damages. Aqua Queen also moves the court to take judicial notice of certain documents. We reverse and remand with direction to enter summary judgment for the defendant.
 
 BACKGROUND
 
 4
 Aqua Queen is a Nebraska corporation in the business of manufacturing, marketing, and selling waterbed heaters and control switches. Charter Oak, a Connecticut corporation authorized to engage in the insurance business in California, issued Aqua Queen a comprehensive general liability insurance policy covering the period from August 1, 1987 to August 1, 1988. The Charter Oak policy under which Aqua Queen seeks coverage contains the following language:
 
 
 5
 II. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE
 
 
 6
 (A) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of advertising injury to which this policy applies ....
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 (D) ADDITIONAL DEFINITIONS
 
 
 10
 "advertising injury" means injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan.
 
 
 11
 (emphasis added).
 
 
 12
 In 1991, Charles Hall sued various manufacturers of waterbed frames, mattresses, and heaters, including Aqua Queen, claiming that the sale of these items violated his patent for "a liquid support for human bodies" -- a waterbed. Hall's suit against Aqua Queen alleged patent infringement under 35 U.S.C. Sec. 271, misappropriation of trade secrets, and unfair competition.
 
 
 13
 Aqua Queen argues that advertising injury coverage for acts of "piracy" creates the potential for coverage of the patent infringement claim alleged in Hall's suit. In December 1991, Aqua Queen gave Charter Oak notice of the suit, requested indemnity, and tendered its defense. Charter Oak responded that there was no indemnity coverage and denied Aqua Queen's request for a defense. Aqua Queen sued Charter Oak, seeking, among other things, a declaration of Charter Oak's duty to defend.
 
 
 14
 The parties made cross-motions for summary judgment on the issue of Charter Oak's duty to defend. On March 3, 1993, the district court granted Aqua Queen's motion for partial summary judgment and ordered that Charter Oak undertake its duty to defend Aqua Queen. Charter Oak moved to amend the judgment to provide for arbitration of the defense costs under California Civil Code Section 2860. On April 16, 1993, the judgment was amended accordingly. Charter Oak timely appealed.
 
 JURISDICTION
 
 15
 The district court's jurisdiction was based on diversity of citizenship. 28 U.S.C. Sec. 1332. Although neither party raises the issue, we must determine sua sponte whether we have jurisdiction over the appeal. Reynaga v. Cammisa, 971 F.2d 414, 417 (9th Cir. 1992).
 
 
 16
 Our jurisdiction cannot be based on 28 U.S.C. Sec. 1291 because a partial summary judgment is not a final appealable order. However, we do have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), which allows review of an order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." An order finding a duty to defend and requiring the insurer to pay defense costs is an appealable injunction for the purposes of Section 1292(a)(1). Gon v. First State Ins. Co., 871 F.2d 863, 865-66 (9th Cir. 1989).
 
 
 17
 The judgment entered March 3, 1993 ordered Charter Oak to pay reasonable defense costs "forthwith." It was modified by an order entered April 19, 1993, but only to provide that in case of dispute as to the amount, the dispute should be arbitrated. It did not relieve Charter Oak of the obligation to pay forthwith, and Charter Oak was required to post a supersedeas bond to avoid contempt for failure to pay. We conclude that Charter Oak was subject to an injunction.
 
 STANDARDS OF REVIEW
 
 18
 A district court's grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 56(c), the appellate court should affirm the district court's grant of summary judgment if, viewing the facts in the light most favorable to the nonmoving party, there are no issues of material fact and summary judgment is appropriate as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir. 1989).
 
 DISCUSSION
 
 19
 * Aqua Queen requests that the panel take judicial notice of a document alleged to have been filed with state insurance regulators and two articles written by private attorneys who represent policy holders in coverage litigation, including counsel for Aqua Queen. We have determined that these documents are not relevant or helpful to our decision. Accordingly, the motion for judicial notice is DENIED.
 
 II
 
 20
 Charter Oak appeals the district court's holding that its policy obligates it to provide a defense under its advertising injury clause. Charter Oak argues that its policy does not cover direct patent infringement and that a suit for inducing patent infringement does not create the potential for coverage because intentional acts are uninsurable under the terms of California Insurance Code Section 533. We find that these claims have merit.
 
 
 21
 Under California law, Aqua Queen must demonstrate the potential for coverage to establish a duty to defend. Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal.), reh'g denied, 1993 Cal. LEXIS 2534 (Cal. 1993); Gray v. Zurich Ins. Co., 419 P.2d 168, 177 (Cal. 1966). Potential liability is determined based both on the complaint and from facts extrinsic to the complaint. Montrose Chem. Corp. v. Superior Court, 861 P.2d 1153, 1159 (Cal. 1993). Here, Aqua Queen alleges that it had a "reasonable expectation" of coverage for its alleged patent infringement of Hall's patent based on the policy's advertising injury coverage, which includes "piracy." See AIU Ins. Co. v. Superior Court, 799 P.2d 1253, 1264 (Cal. 1990) (establishing reasonable expectation standard).
 
 
 22
 It is well-established that this advertising injury clause does not create the potential for coverage when the insured is sued for direct patent infringement.[1] Bank of the West v. Superior Court, 833 P.2d 545, 558-59 (Cal. 1992); Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1505-07 (9th Cir. 1994); Intex Plastics Sales Co. v. United Nat'l Ins. Co., 23 F.3d 254, 256 (9th Cir. 1994).
 
 
 23
 Aqua Queen attempts to avoid this result by claiming that it is being sued for inducing patent infringement under 35 U.S.C. Sec. 271(b). Aqua Queen claims that its advertisements induce infringement by illustrating its heaters being used in an infringing combination with frames and mattresses.[2]
 
 
 24
 This exact argument has been rejected in California. In Aetna Casualty & Surety Co. v. Superior Court, 23 Cal. Rptr. 2d 442 (Cal. Ct. App. 1993), rev. denied, 1994 Cal. LEXIS 172 (Cal. Jan. 13, 1994), decided after the district court rendered its decision, a California appeals court[3] found that California Insurance Code section 533[4] precludes indemnity coverage for intentional acts, including inducing patent infringement. The Aetna court stated:
 
 
 25
 Liability for inducing patent infringement can only be imposed where the defendant "knowingly" induced the infringement. As a result, any acts by [the insured] for which inducement liability could be imposed would have to be intentionally performed with knowledge of their harmful nature. Coverage for such damages are barred by Insurance Code section 533 and Civil Code section 1668. Because as a matter of law there is no potential for recovery of covered damages for inducement of infringement in the absence of a showing that the insured acted with specific intent to induce the infringement, there is no potential for coverage in this case and therefore no duty to defend.
 
 
 26
 23 Cal. Rptr. 2d at 448 (citations omitted).
 
 
 27
 We have relied on Aetna in two subsequent cases, which we believe are dispositive. In Intex Plastics Sales Co. v. United National Insurance Co., we interpreted policy language like that at issue here and held that Section 533 precludes a duty to defend for an inducing infringement claim. 23 F.3d 255, 256-57 (9th Cir. 1994). In Iolab Corp. v. Seaboard Surety Co., we held that coverage for "piracy" covers claims for misappropriation or plagiarism in the course of advertisement, neither of which is alleged by the plaintiff. 15 F.3d 1500, 1506-07 (9th Cir. 1994).
 
 
 28
 Aqua Queen argues that the holding in Aetna has been distinguished by two subsequent California decisions. We are not persuaded.
 
 
 29
 Aqua Queen relies first on Horace Mann Insurance Co. v. Barbara B., which states that "no public policy forbids the defense of claims alleging intentional acts." 846 P.2d 792, 799 (Cal. 1993). In Horace Mann, the insured had already demonstrated the potential for coverage based on a non-intentional claim and sought to extend the duty to defend to all its claims, including those alleging intentional torts. Here, however, the only claim upon which Aqua Queen attempts to base coverage concerns intentional conduct. Thus, Horace Mann is easily distinguishable from the instant case.
 
 
 30
 Aqua Queen points next to a dictum in B & E Convalescent Center v. State Compensation Insurance Fund, where a California appeals court noted that Section 533 would not prevent insurers and insureds from "contract[ing] for the provision of a defense to a claim which can not be indemnified." 9 Cal. Rptr. 2d 894, 909 (Cal. Ct. App. 1992). Thus, under B & E insurers are permitted to write policies that make the duty to defend independent of the duty to indemnify, and Section 533 would not apply to such policies. However, this possibility does not affect our analysis of the Charter Oak policy, which makes the duty to defend turn on the potential for indemnity.[5] Thus, Charter Oak's defense obligations are limited to claims it must indemnify, which indemnity is limited by Section 533.
 
 
 31
 We REVERSE and REMAND with directions to enter summary judgment for Charter Oak.
 
 III
 
 32
 Aqua Queen cross-appeals the district court's order that its defense costs be arbitrated under the provisions of California Civil Code Section 2860. However, because we have decided that Charter Oak does not owe Aqua Queen a duty to defend its patent infringement claims, this issue is moot.
 
 
 33
 REVERSED and REMANDED for further proceedings in accordance with our decision.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Direct patent infringement concerns the making, using, or selling of the invention and not advertisement. 35 U.S.C. Sec. 271(a)
 
 
 [2]
 We take care to note, in light of the underlying litigation, that Aqua Queen does not admit that its activities do in fact constitute infringement. Rather, Aqua Queen argues that such inducement is the theory underpinning Hall's complaint
 
 
 [3]
 Decisions of state intermediate appellate courts do not strictly bind the panel. However, such decisions are taken to be a good indication of how the California Supreme Court would decide the issue, especially where review has been denied. Intex, 23 F.3d at 247 n.1 (citing State Farm Fire & Cas. Co. v. Abraio, 874 F.2d 619, 621 (9th Cir. 1989))
 
 
 [4]
 Section 533 states in pertinent part: "An insurer is not liable for a loss caused by the willful act of the insured." Cal. Ins. Code Sec. 533
 
 
 [5]
 The Charter Oak policy makes its duty to defend dependent on the potential for indemnity of a covered injury. The policy states:
 [The Company shall] pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... advertising injury to which this policy applies ... and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury.