**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,**

v.

**SILICONIX INCORPORATED, et al., Defendants.**

**No. C–88–2488 EFL.**

United States District Court, N.D. California.

June 7, 1989.

Norman J. Roger, Owen, Melbye & Rohlff, Redwood City, Cal., for plaintiff.

Richard E. Sherwood, David E. Killough, O'Melveny & Myers, Los Angeles, Cal., for defendant Intern. Rectifier Corp.

Larry D. Langley, Palo Alto, Cal., for defendant Hartford Fire Ins.

Guy O. Knorblum, Christina J. Imren, Michael A. Papuc, Kornblum & McBride, San Francisco, Cal., for defendant Siliconix, Inc.

## ORDER RE SUMMARY JUDGMENT

LYNCH, District Judge.

This action arises out of a suit in which Siliconix, the insured, was charged with patent infringement by International Rectifier Corp. ("IRC"). Siliconix seeks coverage from National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), the insurer. National Union has moved for partial summary judgment seeking a declaration that it is not obligated under its insurance policy to indemnify Siliconix in the underlying action, No. CV–86–4196 WJR (JRX). Defendant Siliconix has opposed this motion. National Union's motion for partial summary judgment was heard on December 16, 1988. For the reasons stated below, plaintiff's motion for partial summary judgment is granted.

## COVERAGE FOR ADVERTISING INJURY

Neither plaintiffs nor defendant argue that patent infringement injury is covered under the grant of coverage for bodily injury or property damage. However, the parties dispute whether the coverage offered in the policy for "advertising injury" encompasses coverage for patent infringement. The Court finds this a difficult question. However, having gone back and forth on the issue, the Court concludes that it does not.

The insuring agreement under which Siliconix seeks indemnification contains the following language:

II. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE

(A) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... advertising injury to which this insurance applies.

.        .        .        .        .

(D) Additional Definitions

"Advertising Injury" means injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan.[1]

---

1. The policy contains an exclusion for particular types of advertising injury not relevant to this case as follows:

### a. Definition of "Piracy"

The initial question before this Court is whether the term "piracy," as used in the policy, encompasses patent infringement. This term is not defined in the policy.

■ Coverage clauses are interpreted broadly to afford the greatest possible protection to the insured. *State Farm Mutual Auto Ins. Co. v. Partridge*, 10 Cal.3d 94, 101, 109 Cal.Rptr. 811, 514 P.2d 123 (1973). All ambiguities are construed against the insurer-draftsman to protect the insured's reasonable expectations of coverage. *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 912, 226 Cal.Rptr. 558, 718 P.2d 920 (1986). Whether contract language is ambiguous is a question of law. *Id.* A provision is ambiguous if it is capable of two or more reasonable constructions. *Id.* Policy language must be read in its ordinary sense; ambiguity cannot be based on a strained reading of the policy language. *Id.*

■ The Court holds that the term "piracy" is ambiguous and is capable of at least two definitions. Read in its ordinary sense, it must be found to include patent infringement. Four of the eight dictionaries cited by the parties define it as such. Because this term is susceptible to two reasonable interpretations, one encompassing patent infringement and one not, the Court must construe it in favor of coverage for the insured. Therefore, the Court finds that "piracy" encompasses patent infringement.[2]

### b. Did the Injury Complained of Occur in the Course of the Insured's Advertising Activities?

■ Having concluded that "piracy" encompasses patent infringement, the Court must next resolve the question of whether injury arising out of patent infringement "occurs in the course of" advertising activi-

ties. The policy extends coverage to "advertising injury," which is defined as "injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of ... piracy ..."

The Court construes this coverage grant as follows in regards to this case: 1) IRC's injury must be due to Siliconix' patent infringement, 2) the patent infringement must have occurred during the policy period, and 3) the patent infringement must have occurred in the course of Siliconix' advertising activities.

In this case it is clear that IRC's injuries are alleged to have been caused by patent infringement. For the purposes of this argument, it will be assumed *arguendo* that the infringement took place during the policy period. The Court must then determine whether the alleged patent infringement occurred in the course of Siliconix' advertising activities.

The parties agree that mere advertising, without more, cannot constitute actionable patent infringement. *Ling–Temco–Vought v. Kollsman Instrument Corp.*, 372 F.2d 263 (2d Cir.1967); *Merry Mfg. Co. v. Burns Tool Co.*, 206 F.Supp. 53, 62 (D.C.Ga.1962), *aff'd*, 335 F.2d 239 (5th Cir.1964). 35 U.S.C. section 271 provides that, except as otherwise provided, "whoever without authority makes, uses or sells any patented invention ... infringes the patent." Thus, it appears that the infringing act is the making, using, or selling of a patented invention, not the mere advertising of the invention.

Siliconix argues that advertising is part and parcel of selling, and therefore the selling of an infringing product is an infringement occurring in the course of advertising. Defendant argues that the injury need not be *caused* by advertising, but

(B) This insurance does not apply:

    .      .      .      .      .

(6) to advertising injury arising out of

    .      .      .      .      .

(b) infringement of trademark, service mark or trade name, other than titles or slogans, by use thereof on or in connection with

goods, products or services sold, offered for sale or advertised, ...

2. Because the Court construes the term "piracy" to clearly encompass patent infringement, it need not reach the issue of the interpretation of the term "unfair competition."

must bear some relationship in time, place or circumstance. In other words, there must have been some act of advertising in connection with the infringing invention. It is undisputed that Siliconix did, in fact, advertise the products which form the basis of the underlying patent infringement action.

Although defendant's argument is facially appealing, it contains a fundamental flaw in that it reads the requirement that the infringement occur in the course of advertising out of the policy. Taken to its extreme, this argument would lead to the conclusion that any harmful act, if it were advertised in some way, would fall under the grant of coverage merely because it was advertised. Under this rationale, for instance, injury due to a defective product which is sold as a result of advertising activity and which later harms a consumer, may fall within the coverage grant. The definition of "advertising" is quite broad and may encompass a great deal of activity.[3] Thus, a great many acts may fall within the ambit of advertising, extending advertising injury coverage far beyond the reasonable expectations of the insured.

The Court must attempt to give meaning to each clause of the policy, including the clause which requires that an offense occur in the course of advertising. Therefore, even if piracy is construed to encompass patent infringement, patent infringement does not occur in the course of advertising, and is not covered as a type of advertising injury.

Defendant argues that an interpretation of the policy language which offers coverage for injury due to patent infringement (as encompassed by "piracy"), but takes coverage away in the same sentence because it cannot occur in the course of advertising affords illusory coverage and is therefore not a reasonable or acceptable interpretation of the coverage afforded by the policy. *See, Colokathis v. Hartford*

*Accident & Indemnity Co.*, 199 Cal.App.3d 264, 269, 244 Cal.Rptr. 779 (1988).

Defendant appears to argue that "piracy" can *only* mean patent infringement, in light of the fact that copyright infringement is specifically enumerated in the policy as a type of covered injury. Thus, defendant argues, if patent infringement is not covered because it does not occur in the course of advertising, the use of the term "piracy" is rendered useless, affording merely illusory coverage. While concluding that piracy is susceptible to a definition including patent infringement, the Court finds that the term "piracy" is a lay term susceptible to many definitions, not just the two meanings offered by defendant. For instance, it may be interpreted to include such offenses as publication of trade secrets, interference with prospective economic advantage, or trademark infringement. Therefore, even though patent infringement is not ultimately covered, the term "piracy" is not devoid of independent meaning.[4]

Further, the advertising injury coverage grant provides coverage for numerous types of mishaps which occur in the course of advertising and for which the insured could reasonably expect coverage. For instance, the advertising injury provision insures against libel, slander, defamation, violation of the right of privacy, unfair competition, and copyright infringement occurring in the course of advertising. These are the types of injury an insured can expect to occur in the course of advertising, and can reasonably expect to be covered by a policy insuring against advertising injury. Thus, defendant cannot argue that the broad coverage grant for advertising injury is nullified by this Court's conclusion that patent infringement is not covered. Although one could argue that the term "piracy" was unartfully included in the definition of advertising injury, its presence cannot be used to extend coverage beyond

---

3. The term "advertise" has been defined as follows:
      1. to describe or present (a product, organization, idea, etc.) in some medium of communication in order to induce the public to buy, support, or approve of it. 2. to call public attention to . . .

*Random House College Dictionary* 20 (revised ed. 1975).

4. This is true even though the policy specifically excludes advertising injury arising out of trademark and service mark infringement.

the reasonable expectations of the insured and cannot be used to confound a reasonable interpretation of the coverage grant which gives meaning to the terms "in the course of advertising."

Essentially, the Court is faced with a choice between giving meaning to the term "piracy" or giving meaning to the clause "occurring in the course of the named insured's advertising activities". The Court is aware of the need to protect the insured's reasonable expectations of coverage and that the insured could have excluded patent infringement from its coverage by expressly stating that "piracy" does not include patent infringement. However, the Court is also aware of the requirement that insurance contracts be read as a whole and that each clause be given meaning whenever possible. In light of this requirement, the Court cannot nullify the clause requiring that the injury occur in the course of advertising.

For the reasons stated above, plaintiff's motion for summary judgment as to the issue of coverage under the definition of "advertising injury" is granted.

CONCLUSION

The parties have raised several other issues in the event the Court found coverage for patent infringement. In light of this Court's holding that patent infringement is not covered as a type of advertising injury, it is unnecessary to address these issues.

Having considered the arguments of the parties and the evidence submitted in support of and in opposition to this motion, and good cause appearing, it is hereby ordered that:

Plaintiff's motion for partial summary judgment is granted. The Court holds that "advertising injury" as defined by the insurance policy in question does not encompass patent infringement.

Each party is to cover its own costs and attorney's fees.

IT IS SO ORDERED.