AQUA QUEEN MFG., INC., Plaintiff,

v.

CHARTER OAK FIRE INSURANCE, Defendant.

No. CV–92–2492–JMI (JGx).

United States District Court, C.D. California.

March 2, 1993.

David A. Gauntlett, Callahan & Gauntlett, Irvine, CA, for plaintiff.

William C. Morison–Knox, Thomas Holden, Sonnenschein Nath & Rosenthal, San Francisco, CA, for defendant The Charter Oak Fire Ins. Co., erroneously sued as "The Travelers Companies".

IDEMAN, District Judge.

IT IS HEREBY ORDERED:

1. The Court hereby GRANTS IN PART AQUA QUEEN MANUFACTURING INCORPORATED'S [hereinafter "Plaintiff"] request for judicial notice.

2. In or about August of 1987, CHARTER OAK FIRE INSURANCE COMPANY [hereinafter "Defendant"] issued a Commercial General Liability Policy (number 650–885G6462–0–COF–87) to Plaintiff effective for the period August 1, 1987 to August 1, 1988 [hereinafter "Policy"]. Plaintiff manufactures, markets, and sells heater mats and controllers.

3. On or about November 8, 1991, Charles Prior Hall and WBX Partners filed an action against Plaintiff alleging misappropriation of trade secrets, patent infringement, and unfair competition in the Central District of California entitled *Charles Prior Hall v. Aqua Queen Manuf.*, CV–91–6110–DT (Sx) [hereinafter "*Hall* Action"].

4. In December of 1991, Plaintiff placed Defendant on notice of the *Hall* Action, and demanded that Defendant defend and indemnify Plaintiff in connection with that action as allegedly required by the Policy. Despite the demands of Plaintiff and its successor Land & Sky on Defendant, Defendant has failed and refused, and continues to fail and refuse, to provide such defense or indemnity.

5. Plaintiff's Second Amended Complaint alleges breach of contract and breach of the covenant of good faith and fair dealing and prays for, *inter alia*, declaratory relief.

6. Pursuant to Federal Rule of Evidence 201, Plaintiff requests that the Court take judicial notice of the following documents:

(1) Judge Stotler's November 17, 1988 Order re: Summary Judgment in *Aetna Caus. & Surety Co. v. Watercloud Bed Co., Inc., et al.*, CV–88–2000–AHS (RWRx), 1988 WL 252578, 1988 U.S.Dist. LEXIS 17572. Attached as Exhibit 1 to Plaintiff's Request for Judicial Notice, Etc. (filed Sept. 14, 1992).

(2) Judge Marshall's December 7, 1990 Order re: Summary Judgment in *Intex Plastics Sales Co. v. United Nat'l Ins. Co., et al.*, CV–90–2050–CBM (Kx), 1990 WL 279505, 1990 U.S.Dist. LEXIS 18200, 18 U.S.P.Q. 1567,

1569 (C.D.Cal.1990). Attached as Exhibit 2 to Plaintiff's Request for Judicial Notice, Etc. (filed Sept. 14, 1992).

(3) An article entitled *Patent Infringement Actions—Insurance to the Rescue,* by Eugene R. Anderson & David A. Einhorn, published in the Journal of Patent and Trademark Office Society, July 1991, Volume 73, No. 7, pages 527–37. Attached as Exhibit 3 to Plaintiff's Request for Judicial Notice, Etc. (filed Sept. 14, 1992).

(4) Judge Kitching's November 2, 1991 Order granting Summary Judgment in *Atlantic Mutual Ins. Co. v. L.A. Gear, Inc., et al.,* Los Angeles Superior Court Case No. 3C3042. Attached as Exhibit 4 to Plaintiff's Request for Judicial Notice, Etc. (filed Sept. 14, 1992).

(5) Letters Patent No. 3,585,356 issued to Charles Prior Hall on June 15, 1971, for an invention entitled "Liquid Support for Human Bodies." Attached as Exhibit 5 to Plaintiff's Request for Judicial Notice, Etc. (filed Sept. 14, 1992).

7. The Court takes JUDICIAL NOTICE of Letters Patent No. 3,585,356 only. Because Anderson & Einhorn's article does not assist the Court in ruling on Plaintiff's motion and contains facts which are not capable of accurate and ready determination and Judge Stotler's Order in *Aetna* was rendered moot, the Court DECLINES to take judicial notice of these documents. Moreover, the Court FINDS it unnecessary to take judicial notice of unpublished orders, in light of recent published authority that is on-point.

8. There being no triable issues of material fact to bar entry of partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, the Court hereby GRANTS Plaintiff's motion for partial summary judgment.

9. By this motion, Plaintiff seeks a determination by the Court that Defendant has a contractual duty to defend Plaintiff based on the existence of potential coverage under the Policy for the *Hall* action asserted against Plaintiff. Plaintiff also seeks a determination that Defendant is liable to pay all reasonable defense costs incurred by it in defense of the *Hall* action.

10. Plaintiff contends that Defendant owes it a duty to defend upon a showing of facts establishing a *potential* for coverage under its policy, because the Policy does not expressly provide for coverage of patent infringement claims. The Policy requires Defendant to pay damages resulting from an "advertising injury" defined as follows:

> "Advertising injury" means injury arising out of an offense committed during the policy period in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, *piracy,* unfair competition or infringement of copyright, title or slogan.

Insurance Policy attached as Exhibit A to Second Amended Complaint, at 74 (emphasis added).

11. In the same section of the policy, the insurer specifies that the advertising injury coverage does not extend to: (1) Publication or utterances of defamatory or disparaging material, (2) infringement of trademark, service marks, etc., by the use thereof on or in connection with goods, products or services sold, offered for sale, or advertised, and (3) injuries arising out of acts committed by the insured with actual malice.

12. Thus, while the insurance policy at issue contains no express reference to patent infringement, the Court FINDS that the term "piracy" encompasses patent infringement. *See National Union Fire Ins. Co. v. Siliconix Inc.,* 729 F.Supp. 77 (N.D.Cal.1989) (involving insurance contract containing definition of "advertising injury" identical to that contained in Charter Oak Insurance contract). The Court further FINDS that Plaintiff's advertising activities were part and parcel of its sales and that selling an infringing product is an infringement occurring in the course of advertising and therefore covered by the Policy as a type of advertising injury. Because patent infringement is reasonably encompassed within the policy covered offense of piracy, Defendant has a duty to defend. Defendant is thus ordered to defend Plaintiff against the *Hall* action forthwith and to reimburse Plaintiff for its defense expenses to date. Accord-

ingly, Defendant's motion for summary judgment is MOOT.

THEREFORE, the Court takes JUDICIAL NOTICE of Letters Patent No. 3,585,-356, FINDS that Defendant has a contractual duty to defend Plaintiff based on the existence of potential coverage under the Policy for the *Hall* action asserted against Plaintiff, FINDS that Defendant is liable to pay all reasonable defense costs incurred by it in defense of the *Hall* action, and renders Defendant's motion for summary judgment MOOT.

IT IS SO ORDERED.