MARK MURPHY, APPELLANT, V. CITY OF LINCOLN, NEBRASKA, APPELLEE.

515 N.W.2d 413

Filed April 22, 1994. No. S-92-949.

Jane E. Burke for appellant.

William F. Austin, Lincoln City Attorney, and Don W. Taute for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

CAPORALE, J.

In this contract action, the plaintiff-appellant, Mark Murphy, seeks to recover overtime pay from the defendant-appellee, City of Lincoln, Nebraska, under the terms of the applicable collective bargaining agreement. The district court affirmed the denial of the grievance Murphy filed with the City of Lincoln Personnel Board. He then appealed to the Nebraska Court of Appeals, asserting that the district court erred in, among other things, determining that the agreement was ambiguous and thus was subject to interpretation. We removed the matter to this court in order to regulate the caseloads of the appellate courts. Murphy's aforesaid claim of error having merit, we reverse the judgment of the district court and remand the cause with direction.

Murphy is a full-time regular employee of the city's emergency communications center. So far as is relevant to our purposes, there are two types of regular city employees under the agreement: exempt and nonexempt. Exempt employees do not receive overtime pay. Nonexempt employees who work in excess of 40 hours per workweek, which extends from Thursday through the following Wednesday, do receive overtime pay and are further divided into shift and nonshift workers. A nonshift employee typically works 8 hours per day on an 8 a.m. to 5 p.m.

schedule and does not normally work on Saturdays, Sundays, and specified legal, that is, paid, holidays. In contrast, a shift employee's hours are scheduled in 8-hour shifts, including Saturdays, Sundays, and paid holidays, so that departments which are required to operate around the clock each and every day may be properly staffed. Murphy is a nonexempt shift employee who, during the week in question, worked 40 hours consisting of five 8-hour days, Thursday, May 23, through Monday, May 27, 1991. Being Memorial Day, Monday was a paid holiday under the agreement.

In his grievance, Murphy asserted that under the agreement, he was entitled to overtime pay for the 8 hours he worked on the Memorial Day holiday.

The pertinent provision of the agreement in question reads:

> Work performed by non-exempt employees in excess of forty (40) hours per work week (Thursday through the following Wednesday) shall be compensated at the rate of one and one-half (1 1/2) times the hourly rate of the employee. Overtime shall be paid only for those hours actually worked. Any payment for time not worked (i.e., paid leave time) shall not count toward the forty (40) hour work week for overtime purposes, except legal holiday pay, which will count toward hours worked in determining overtime.

Murphy contends that the foregoing language is "clear and precise," brief for appellant at 21, and applies to all nonexempt employees, shift and nonshift alike. On the other hand, the city argues that the provision in question is ambiguous, urging that the language was intended to apply only to nonshift workers.

In construing contracts, a court as a matter of law must first determine whether the contract is ambiguous. *Plambeck v. Union Pacific RR. Co.*, 244 Neb. 780, 509 N.W.2d 17 (1993); *Metropolitan Life Ins. Co. v. Beaty*, 242 Neb. 169, 493 N.W.2d 627 (1993); *Professional Serv. Indus. v. J.P. Construction*, 241 Neb. 862, 491 N.W.2d 351 (1992); *Husen v. Husen*, 241 Neb. 10, 487 N.W.2d 269 (1992). Regarding a question of law, a reviewing court has an obligation to reach its conclusion independent from the conclusion reached by the court below. *Plambeck, supra; Gables CVF v. Bahr, Vermeer & Haecker*

*Architect*, 244 Neb. 346, 506 N.W.2d 706 (1993); *Home Fed. Sav. & Loan v. McDermott & Miller*, 243 Neb. 136, 497 N.W.2d 678 (1993); *Metropolitan Life Ins. Co., supra; Professional Serv. Indus., supra; Husen, supra.*

An instrument is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Plambeck, supra; Metropolitan Life Ins. Co., supra; Husen, supra.* See, *Lone Oak Farm Corp. v. Riverside Fertilizer*, 229 Neb. 548, 428 N.W.2d 175 (1988) (contract is ambiguous when, considered as a whole, it is capable of being understood in more senses than one); *National Farmers Union Serv. Corp. v. Edwards*, 220 Neb. 231, 369 N.W.2d 76 (1985) (document is ambiguous if, after application of pertinent rules for construction, there is uncertainty concerning which of two or more reasonable meanings represents intention of parties). A determination as to whether ambiguity exists in a contract is to be made on an objective basis, not by the subjective contentions of the parties; thus, the fact that the parties to a document have or suggest opposing interpretations of the document does not necessarily, or by itself, compel the conclusion that the document is ambiguous. *Metropolitan Life Ins. Co., supra; Bedrosky v. Hiner*, 230 Neb. 200, 430 N.W.2d 535 (1988); *Lueder Constr. Co. v. Lincoln Electric Sys.*, 228 Neb. 707, 424 N.W.2d 126 (1988). We have said, in the context of a decree:

> [T]he fact is that neither what the parties thought the judge meant nor what the judge thought he or she meant, after time for appeal has passed, is of any relevance. What the decree, as it became final, means as a matter of law as determined from the four corners of the decree is what is relevant.

*Neujahr v. Neujahr*, 223 Neb. 722, 728, 393 N.W.2d 47, 50-51 (1986).

The terms of a contract are to be accorded their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them. *Elson v. Pool*, 235 Neb. 469, 455 N.W.2d 783 (1990); *Crowley v. McCoy*, 234 Neb. 88, 449 N.W.2d 221 (1989); *Bedrosky, supra*.

Those rules make untenable the city's contention that the quoted language is ambiguous. There is nothing in the language which even remotely distinguishes between shift and nonshift employees.

During the workweek in question, Murphy actually worked a total of 40 hours. The time report reflects that for those 40 hours, the city paid Murphy at regular pay for a total of 48 hours: the 40 hours he worked, plus an additional 8 hours attributed to the holiday which fell during the week.

While the last two sentences of the pertinent provision may be awkwardly written, they nonetheless unambiguously declare that while overtime is to be paid only for time actually worked, so that paid leave time does not count toward the 40-hour workweek, holiday pay does count toward the "hours worked in determining overtime." Consequently, Murphy is entitled to regular pay for the 40 hours he worked, including the 8 hours he worked on the holiday. The additional 8 hours were earned not because he worked, but because he was entitled to holiday pay.

A contract written in clear and unambiguous language is not subject to interpretation or construction and must be enforced according to its terms. *Elson, supra; Bedrosky, supra*. See, *Delicious Foods Co. v. Millard Warehouse*, 244 Neb. 449, 507 N.W.2d 631 (1993) (if language used in document is unambiguous, intent of parties must be gathered from contents of document alone); *Professional Serv. Indus. v. J.P. Construction*, 241 Neb. 862, 491 N.W.2d 351 (1992) (where contract is unambiguous, look to contents of contract and not to party's understanding or belief). We must also keep in mind that there is a strong presumption that a written instrument correctly expresses the intention of the parties to it. *Artex, Inc. v. Omaha Edible Oils, Inc.*, 231 Neb. 281, 436 N.W.2d 146 (1989); *Bedrosky, supra*.

By the terms of the agreement, the 8 holiday pay hours count toward the number of hours used to determine whether overtime is to be paid. Since Murphy accumulated credit for a total of 48 hours to be counted toward overtime during the workweek in question, the holiday pay hours are to be compensated at the overtime rate.

This may not be the bargain the city intended to strike, but it

712

is bound by the agreement it made, not the agreement it thought or hoped it had made. *Husen v. Husen,* 241 Neb. 10, 487 N.W.2d 269 (1992) (although one may be dissatisfied with bargain, it is not for court to rewrite contract).

Accordingly, we reverse the judgment of the district court and remand with the direction that the district court remand the cause to the personnel board with the direction that it act upon Murphy's grievance in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTION.