LAVONNE COASH MALOLEY, APPELLANT, V. SHEARSON LEHMAN HUTTON, INC., AND DANNY KAY DAVIS, APPELLEES.

523 N.W.2d 27

Filed October 21, 1994. No. S-93-189.

Norman Rifkind and Alan Block, of Beigel & Sandler, and James E. Bachman for appellant.

Terrence D. O'Hara and J. Scott Paul, of McGrath, North, Mullin & Kratz, P.C., and H. Nicholas Berberian and Robert J. Mandel, of Neal Gerber & Eisenberg, for appellees.

HASTINGS, C.J., WHITE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

WHITE, J.

From an order granting summary judgment to defendants, Shearson Lehman Hutton, Inc., and Danny Kay Davis, plaintiff, Lavonne Coash Maloley, appeals.

In October 1983, Maloley, a recent widow, had inherited a substantial estate of about $1.5 million from her deceased husband. Desiring financial advice concerning "conservative, secure investments which would produce future income, preserve her capital and result in beneficial tax consequences," she engaged the services of E.F. Hutton Company Inc. and one of its account advisors, Davis. (In 1988, E.F. Hutton was acquired by defendant Shearson, which was alleged to have assumed all E.F. Hutton's obligations.)

Maloley alleged that she placed special reliance on E.F. Hutton's advertising and was induced to purchase certain limited partnerships. The limited partnerships were not successful, and as a result, Maloley suffered a financial loss of approximately $800,000.

Maloley alleged that Davis and Shearson (1) breached their fiduciary duty, (2) fraudulently misrepresented material facts regarding the investments, and (3) negligently advised her to invest in unsound ventures.

On October 7, 1988, Maloley's counsel informed Davis'

supervisor that the Davis-guided investments were "patently unsuitable." Maloley subsequently filed suit against Shearson and Davis on April 5, 1991. The trial court determined that the suit was barred by the statute of limitations for negligence by professionals. Neb. Rev. Stat. § 25-222 (Reissue 1989). Maloley appeals.

Maloley assigns three errors in this appeal. First, the district court erred in applying § 25-222, the statute of limitations for professional negligence, rather than Neb. Rev. Stat. § 25-207 (Reissue 1989), the residual statute of limitations for tortious conduct, to her breach of fiduciary duty claim. Second, she argues that the district court erred in applying § 25-222 rather than § 25-207 to her negligence claim. Third, she asserts that the district court erred in ruling that, as a matter of law, investors are not permitted to rely on their brokers' statements.

" ' " On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists." ' " *Healy v. Langdon*, 245 Neb. 1, 3, 511 N.W.2d 498, 500 (1994) (quoting *Quality Equip. Co. v. Transamerica Ins. Co.*, 243 Neb. 786, 502 N.W.2d 488 (1993)). An appellate court views the evidence in a light most favorable to the party who opposed the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Healy, supra.*

Section 25-222 provides in relevant part:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

The issue therefore is whether Davis was acting in a "professional" capacity to qualify for the shorter limitations

provision in § 25-222.

A "profession" is defined as

"a calling requiring specialized knowledge and often long and intensive preparation, including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods, maintaining by force of organization or concerted opinion high standards of achievement and conduct, and committing its members to continued study and to a kind of work which has for its prime purpose the rendering of a public service."

*Lawyers Title Ins. Corp. v. Hoffman*, 245 Neb. 507, 512, 513 N.W.2d 521, 524 (1994). Accord, *Georgetowne Ltd. Part. v. Geotechnical Servs.*, 230 Neb. 22, 430 N.W.2d 34 (1988); *Tylle v. Zoucha*, 226 Neb. 476, 412 N.W.2d 438 (1987); Webster's Third New International Dictionary, Unabridged 1811 (1981).

We will consider the errors together. It is conclusive from the record that Maloley contacted E.F. Hutton and Davis for the purpose of soliciting and receiving expert investment advice and that she was aware, at least by October 7, 1988, that the investments were not satisfactory and that the advice was not in accord with her expressed wish. Suit was filed on September 3, 1991, more than 2 years after the date when the statute began to run.

In an attempt to ameliorate the relatively short statute of limitations provided in § 25-222, Maloley asserts various theories relating to Davis' alleged breach of duties that have larger periods of limitation, e.g., § 25-207.

In *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 421, 507 N.W.2d 275, 283 (1993), we again refused to separate "a single professional relationship into various parts and appl[y] to one part of that relationship the general fraud period of limitations found in § 25-207 and to another part the malpractice period of limitations found in § 25-208."

In *St. Paul Fire & Marine Ins. Co.* we cited, with approval, *Stumpf v. Albracht*, 982 F.2d 275 (8th Cir. 1992), which, relying on *Stacey v. Pantano*, 177 Neb. 694, 131 N.W.2d 163 (1964), held that a claim of fraud against a debtor's former attorney was governed by §§ 25-208 and 25-222. Thus, if Davis was a

professional, the trial court was correct in determining that the period of limitations had run and in granting summary judgment to Davis and Shearson.

In *Educational Service Unit No. 3 v. Mammel, O., S., ·H. & S., Inc.*, 192 Neb. 431, 222 N.W.2d 125 (1974), this court held that a cause of action against a defendant for negligent planning of a retirement benefit program was controlled by § 25-222. We are unable to distinguish that case from the case at bar. Therefore, the trial court was correct in granting summary judgment to Shearson and Davis and dismissing the petition.

AFFIRMED.

WRIGHT, J., participating on briefs.
CAPORALE, J., not participating.