UNION INSURANCE COMPANY, APPELLEE, V. LAND AND SKY, INC., ET AL., APPELLANTS, AND CHARLES PRIOR HALL AND WBX PARTNERS, A CALIFORNIA PARTNERSHIP, APPELLEES.

529 N.W.2d 773

Filed March 31, 1995.   No. S–93–518.

. David A. Gauntlett and David A. Stall, of Callahan & Gauntlett, and Tyler J. Sutton and Victor E. Covalt III, of Woods & Aitken, for appellants.

Danene J. Tushar, of DeMars, Gordon, Olson, Recknor & Shively, for appellee Union Insurance Co.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CONNOLLY, J.

Union Insurance Company (Union) brought this declaratory judgment action seeking a declaration that it was not obligated under the terms of an insurance policy to defend or indemnify Land and Sky, Inc., against a suit for patent infringement. Both parties filed motions for summary judgment. The district court for Lancaster County granted Union's motion for summary judgment and held that Union was not obligated to defend or indemnify. Land and Sky, Inc., and Lynn and Ronald Larson, principals of the corporation (all hereinafter collectively Land and Sky), have appealed. We find that the trial court was in error, and its order must be reversed and the cause remanded for further proceedings.

## I. FACTUAL BACKGROUND

### 1. UNDERLYING ACTION

Charles Prior Hall holds U.S. patent No. 3,585,356, which claims a waterbed, including the waterbed mattress and a suitable frame and heater. Land and Sky is a corporation which

manufactures flexible liquid storage containers that are used as waterbed mattresses. Land and Sky advertises its products to wholesale and retail markets and distributes pamphlets that describe the manner in which its products could be incorporated into a waterbed mattress frame.

In 1991, Hall filed a lawsuit (the Hall action) against Land and Sky for patent infringement under 35 U.S.C. § 271 (1988), which states in pertinent part:

> (a) . . . Whoever without authority makes, uses or sells any patented invention . . . infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
>
> (c) Whoever sells a component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially made . . . for use in an infringement of such patent, and not a staple article . . . of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

After Hall filed his lawsuit, Land and Sky requested its insurer, Union, to defend and indemnify the Hall action. Union claimed that it had no obligation to defend or indemnify.

## 2. THE POLICIES

Union insured Land and Sky from January 12, 1985, through March 31, 1988, under two policies of liability insurance: a "Comprehensive General Liability Insurance" policy (primary policy) and a "Blanket Commercial Catastrophe Liability Policy" (excess policy). The issue in the case at bar is whether the primary policy's coverage for "advertising injury" affords coverage for inducing or contributing to a patent infringement. If the primary policy does afford such coverage, and if Land and Sky is potentially liable to Hall for patent infringement due to Land and Sky's advertising activities, then Union must defend Land and Sky in the Hall action.

The primary policy defines "advertising injury" as an "injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of . . . piracy, unfair competition, or infringement of copyright, title or slogan." The

excess policy defines "advertising policy" in essentially the same terms, with the exception that it expressly excludes coverage for patent infringement.

### 3. THE CASE AT BAR

Union filed the instant action for declaratory judgment seeking a declaration that it was not obligated to defend or indemnify Land and Sky. Union filed a motion for summary judgment, and Land and Sky filed a motion for partial summary judgment seeking a declaration that Union had a duty to defend the Hall action. The trial court granted Union's motion for summary judgment, holding that neither the primary nor the excess policy bound Union to defend a lawsuit for patent infringement. This appeal followed.

## II. ASSIGNMENTS OF ERROR

Land and Sky claims that the trial court erred in (1) failing to find that the primary and excess policies required Union to defend the Hall action, (2) failing to find that the primary and excess policies required Union to indemnify Land and Sky's potential liability in the Hall action, and (3) failing to award Land and Sky attorney fees.

## III. STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *New Light Co. v. Wells Fargo Alarm Servs., ante* p. 57, 525 N.W.2d 25 (1994); *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 523 N.W.2d 27 (1994).

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *New Light Co. v. Wells Fargo Alarm Servs., supra*; *Double K, Inc. v. Scottsdale Ins. Co.*, 245 Neb. 712, 515 N.W.2d 416 (1994).

The construction of an insurance contract is purely a question

of law. See *Central Waste Sys. v. Granite State Ins. Co.*, 231 Neb. 640, 437 N.W.2d 496 (1989). Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *New Light Co. v. Wells Fargo Alarm Servs., supra*; *Murphy v. City of Lincoln*, 245 Neb. 707, 515 N.W.2d 413 (1994).

## IV. ANALYSIS

### 1. DUTY TO DEFEND

Although an insurance policy may impose an obligation to defend and thereby impose a duty greater than the obligation to indemnify, the nature of the duty to defend is defined by the insurance policy as a contract. *Allied Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 243 Neb. 779, 502 N.W.2d 484 (1993). An insurer has a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy. *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981).

Land and Sky's argument that Union is obligated to defend the Hall action has two elements. The first element is Land and Sky's claim that the language in the primary policy is ambiguous and should be read in favor of Land and Sky as the insured. The second element is the claim that Land and Sky's potential liability arose out of insured advertising activities. We will address the elements individually.

### (a) Ambiguity

The initial question we must address is whether the terms "piracy" and "unfair competition," as used in the primary and excess policies, encompass patent infringement. These terms are not defined in either policy.

We have stated that when an insurance contract can fairly be interpreted in more than one way, there is ambiguity to be resolved by the court as a matter of law. *Economy Preferred Ins. Co. v. Mass*, 242 Neb. 842, 497 N.W.2d 6 (1993). While an ambiguous insurance policy will be construed in favor of the insured, ambiguity will not be read into policy language which is plain and unambiguous in order to construe it against the

preparer of the contract. *Id.*

Whether a document is ambiguous is a question of law, and an appellate court considering such a question is obligated to reach a conclusion independent of the trial court's decision. *Gables CVF v. Bahr, Vermeer & Haecker Architect*, 244 Neb. 346, 506 N.W.2d 706 (1993). A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Kropp v. Grand Island Pub. Sch. Dist. No. 2.*, 246 Neb. 138, 517 N.W.2d 113 (1994); *Plambeck v. Union Pacific RR. Co.*, 244 Neb. 780, 509 N.W.2d 17 (1993).

Land and Sky claims that two terms in the advertising injury portion of the policies—"piracy" and "unfair competition"—could be understood to cover patent infringement. Land and Sky provides sparse evidence in support of its claim that "unfair competition" includes patent infringement. However, Land and Sky cites several dictionary definitions which support the claim of ambiguity regarding the term "piracy." For example, Black's Law Dictionary 1148 (6th ed. 1990) defines piracy as the "unlawful reproduction or distribution of property protected by patent and trademark laws"; Webster's Encyclopedic Unabridged Dictionary of the English Language 1096 (1989) defines piracy as "the unauthorized appropriation or use of a . . .. patented work"; and The Oxford English Dictionary 897 (2d ed. 1989) defines piracy as "infringement of the rights conferred by a patent or copyright."

In *National Union Fire Ins. Co. v. Siliconix Inc.*, 729 F. Supp. 77 (N.D. Cal. 1989), the court stated that "piracy" was susceptible of two interpretations and that patent infringement was included in one of those interpretations. See, also, *Aqua Queen Mfg., Inc. v. Charter Oak Fire Ins.*, 830 F. Supp. 536 (C.D. Cal. 1993), *rev'd* 33 U.S.P.Q.2d 1681 (9th Cir. 1995) (unpublished opinion). In *Aqua Queen Mfg., Inc.*, the Ninth Circuit Court of Appeals overruled this position, but based its ruling, in part, on a California statute not germane to this action. See, also, *Intex Plastics Sales Co. v. United Nat. Ins. Co.*, 23 F.3d 254 (9th Cir. 1994).

Land and Sky also cites the language employed by Union in the excess policy as evidence of ambiguity in the primary policy.

Union parenthetically states in the excess policy that patent infringement is specifically excluded from coverage. Land and Sky argues that the exclusion of patent coverage in the excess policy creates an ambiguity regarding whether patent infringement is included in the primary policy.

Union's position is that common-law definitions should apply, not dictionary definitions. Union claims that the scope of advertising injury clearly does not include patent infringement when read in the context of the list of other, covered, torts. This rationale was employed by a federal district court in *Atlantic Mut. Ins. Co. v. Brotech Corp.*, 857 F. Supp. 423 (E.D. Pa. 1994). In *Atlantic Mut. Ins. Co.*, the court stated:

> The issue is not what the isolated term "piracy" could mean, but what "piracy" occurring in the course of advertising activity reasonably could mean. Placed in context, the intended meaning of the language is clear. "In the context of policies written to protect against claims of advertising injury, 'piracy' means misappropriation or plagiarism found in the elements of the advertisement itself—in its text form, logo, or pictures—rather than in the product being advertised."

857 F. Supp. at 428.

However, we note that the court in *Atlantic Mut. Ins. Co.* did not have to consider the additional evidence of an ambiguity present in this case—the express exclusion of patent infringement coverage in the excess policy. The fact that Union determined it necessary to exclude patent infringement in the excess policy would indicate a belief on Union's part that patent infringement was included in the primary policy. We find that this inconsistency in the two policies creates an ambiguity regarding the meaning of the term "piracy." Thus, we find that the term "piracy" is ambiguous and is capable of at least two definitions. Because the term is susceptible of two reasonable interpretations, one encompassing patent infringement and one not, we construe the term "piracy" in favor of the insured as encompassing patent infringement.

### (b) Advertising Activity

Having determined that "piracy" encompasses patent

infringement, we must now determine whether Land and Sky's potential liability arose out of its advertising activities. The complaint in the Hall action alleges that Land and Sky infringed the Hall patent under § 271. The complaint is not specific about which subsection of that statute Land and Sky has allegedly violated. Section 271 contains three subsections that are relevant to this proceeding: subsection (a) concerning direct infringement, subsection (b) concerning the inducement to infringe, and subsection (c) concerning contributory infringement. Union has a duty to defend the Hall action if Land and Sky's advertising activities give rise to the potential of liability under any one of these subsections.

Federal courts that have addressed the issue have held that advertising cannot be a cause of patent infringement under § 271(a). See, *Intex Plastics Sales Co. v. United Nat. Ins. Co., supra*; *New Hampshire Ins. v. R.L. Chaides Const.*, 847 F. Supp. 1452 (N.D. Cal. 1994). Likewise, advertising is not an element of contributory patent infringement under § 271(c). A violation of § 271(c) occurs when an unlicensed party sells an article that has no substantial noninfringing use.

Liability can arise, however, out of an insured's advertising activities under § 271(b). "Liability under 35 U.S.C §271(b) can be established where a party takes active steps to induce infringement through advertising or by providing instructions." *Rexnord Inc. v. Laitram Corp.*, 6 U.S.P.Q.2d 1817, 1842 (E.D. Wis. 1988). See, also, *Fromberg, Inc. v. Thornhill*, 315 F.2d 407 (5th Cir. 1963). Land and Sky specifically markets and advertises its products as particularly suitable for use as waterbed mattresses. Land and Sky uses extensive print advertising to direct its product to the waterbed industry, as well as to consumers of waterbed products. In addition to advertising that its flexible liquid containers are particularly suitable for use as waterbed mattresses, Land and Sky provides an instruction sheet demonstrating the preferred method for incorporating its waterbed mattress into a waterbed frame. Its instruction sheet also depicts the installation and placement of the temperature control and heating unit commonly known as the waterbed heater. At the retail level, Land and Sky furnishes its retailers with a choice of point–of–purchase display materials that

include sample container bags, literature displays, and banners.

Union cites a number of cases in which courts have held that there is no causal connection between advertising which forms the basis of a patent infringement claim and "advertising injury" clauses in insurance contracts similar to those employed by Union. However, the cases cited by Union evaluated only the insured's potential liability created by a *direct* patent infringement. See, *New Hampshire Ins. v. R.L. Chaides Const., supra*; *National Union Fire Ins. Co. v. Siliconix Inc.*, 729 F. Supp. 77 (N.D. Cal. 1989); *Aetna Cas. & Sur. v. Superior Court*, 19 Cal. App. 4th 320, 23 Cal. Rptr. 2d 442 (1993). In the instant case, it is uncontested that Land and Sky did not directly infringe upon the Hall patent. However, Land and Sky may be potentially liable for inducing or contributing to a patent infringement under § 271(b) due to its advertising activities. Thus, consistent with our analysis above, Union is under a duty to defend Land and Sky in the Hall action.

## 2. Duty to Indemnify

Land and Sky also appeals the failure of the trial court to find that Union has a duty to indemnify Land and Sky for the potential injuries presented by the Hall action. In order to maintain an action for declaratory judgment under the provisions of Neb. Rev. Stat. § 25-21,149 (Cum. Supp. 1994), there must be an actual controversy. It cannot be used to decide the legal effect of a state of facts which are future, contingent, or uncertain. There must, at the time that declaration is sought, be an actual justiciable issue. *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981). In the Hall patent infringement case, no judgment has been rendered against Land and Sky. Until Land and Sky is obligated to pay, the question of Union's obligation is uncertain and contingent. Therefore, we need not decide the issue of indemnification.

## 3. Attorney Fees

Land and Sky assigns as its final error the failure of the trial court to award Land and Sky attorney fees in the declaratory judgment proceeding. In support of its claim, Land and Sky cites Neb. Rev. Stat. § 44-359 (Reissue 1993), which states:

In all cases when the beneficiary . . . brings an action

upon any type of insurance policy . . . against any company . . . doing business in this state, the court, upon rendering judgment against such company . . . shall allow the plaintiff a reasonable sum as an attorney's fee . . . to be taxed as part of the costs.

The statute also allows for additional attorney fees to be awarded for services rendered in an appellate proceeding.

We find that § 44–359 applies to this case. The order of the trial court is reversed and the cause remanded on the issue of attorney fees.

## V. CONCLUSION

The order of the district court declaring that Union has no duty to defend the Hall action is reversed, and the matter is remanded for a determination of the amount to be awarded to Land and Sky for attorney fees.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CAPORALE, J., concurring in part, and in part dissenting.

I concur in the judgment only; from the majority's holding, I respectfully dissent.

It seems to me that the unstated premise on which the majority opinion rests is the general rule of contract law that absent anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument and will be read and construed together as if they were as much one in form as they are in substance. *Properties Inv. Group v. Applied Communications*, 242 Neb. 464, 495 N.W.2d 483 (1993).

I certainly agree that policies of insurance are contracts to be interpreted as are any other contracts. *Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 503 N.W.2d 552 (1993). Indeed, 2 George J. Couch, Cyclopedia of Insurance Law § 15:37 at 242 (rev. 2d ed. 1984) states:

> Where two contracts, though separate in form, are both applied for and agreed upon at the same time as one transaction, they must be considered together for the purpose of determining the character of the transaction and

the intention of the parties, and both instruments should be given effect where reasonably possible.

See, also, *Balderama v. Western Cas. Life Ins. Co.*, 825 S.W.2d 432 (Tex. 1991) (separate insuring clauses, definitions, and provisions in separate policies not referring to each other construed together as one of them, being unnumbered and lacking schedule to which it referred, could not stand on own); *Schreiber v. German–American Hail Ins. Co.*, 43 Minn. 367, 45 N.W. 708 (1890) (inconsistent descriptions of number of crop acres insured read out of each policy). But the rule does not apply when invoked by the drafter who was in a superior bargaining position, nor when there is no clear evidence that the parties intended the agreements to be read together. *Berger v. U.S. Fidelity & Guar. Co.*, 834 F.2d 1154 (3d Cir. 1987).

The ambiguity in question here, whether there is coverage for inducing or contributing to the infringement of a patent, stems not from any indication that there might be confusion in Union Insurance Co.'s mind, as seemingly suggested by the majority, but from the fact that if there is a single contract consisting of both the primary, or "Comprehensive General Liability Insurance," policy and the excess, or "Blanket Commercial Catastrophe Liability," policy, then the contract defines "advertising injury" differently in different places, one way in the primary policy and another way in the excess policy. The determination of whether there is an ambiguity in a contract is a question of law, the resolution of which depends not on what the insurer intended the words to mean, as the majority seemingly suggests, but on what a reasonable person in the position of the insured would have understood them to mean. *Decker v. Combined Ins. Co. of Am.*, 244 Neb. 281, 505 N.W.2d 719 (1993); *Mahoney v. Union Pacific RR. Emp. Hosp. Assn.*, 238 Neb. 531, 471 N.W.2d 438 (1991).

The difficulty here is that while the record demonstrates that the two policies were issued at the same time, there is nothing from which I can infer that they were both applied for and agreed upon at the same time as part of one transaction and for the same purpose, nor that the parties intended them to be read together. These unresolved questions present genuine and material issues of fact, *Properties Inv. Group, supra*, making the

grant of summary judgment to any party inappropriate, *New Light Co. v. Wells Fargo Alarm Servs., ante* p. 57, 525 N.W.2d 25 (1994).

Thus, I too would reverse and remand, but would do so not under a ruling that Union has a duty to defend, leaving for determination only the amount of the attorney fees due Land and Sky, Inc., but, rather, for trial on the issue of whether Union has a duty to defend.