59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 TECHMEDICA, INC., Plaintiff-Counter-Defendant/Appellant,
v.
VANGUARD UNDERWRITERS INSURANCE Co., Defendant,
and
Commercial Union Insurance Company; Federal Insurance
Company, Defendants-Cross-Defendants/Appellees.
 No. 93-56441.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1995.
Decided June 21, 1995.
 
 Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Techmedica appeals the grant of summary judgment to Commercial and Federal. The district court held that these companies had no duty to defend or indemnify the plaintiff, Techmedica, in a patent infringement suit based on an "advertising injury" clause is insurance contracts between the parties. We affirm.
 
 FACTS
 
 3
 Techmedica manufactures prosthetic devices, including replacement hips. Zimmer, the owner of a patent for a prosthetic hip replacement device, sued Techmedia for patent infringement. A jury found against Techmedica and awarded Zimmer over $4.5 million in damages, based on the sales of 1,658 hip prostheses. Zimmer also was awarded nearly $2 million in attorney's fees based on a finding that Techmedica's infringement was willful. An additional $1 million in prejudgment interest brought the total judgment to $7.5 million. Two months after the jury verdict, Techmedica sought defense and indemnification from its insurers based on the "advertising injury" clauses in the insurance contracts. Both companies declined to defend or indemnify Techmedica, claiming that patent infringement was not covered by the applicable clauses. After settling the suit with Zimmer for $7 million, Techmedica brought this suit seeking indemnity and defense costs and claiming breach of contract and bad faith. The insurance companies moved for summary judgment and the district court granted the dual motions.
 
 DISCUSSION
 
 4
 At the time that the district court judgment was entered it was clear that a claim for patent infringement normally would not fall within the ambit of a standard insurance contract "advertising injury" clause. Under this contract provision, "advertising injuries" are those that occur in the course of "advertising activities." According to the California Supreme Court, "a claim of patent infringement does not 'occur[] in the course of ... advertising activities' within the meaning of the policy even though the insured advertises the infringing product, if the claim of infringement is based on the sale or importation of the product rather than its advertisement." Bank of the West v. Superior Court, 833 P.2d 545, 559 (1992) (citations omitted); see also St. Paul Fire & Marine Ins. Co. v. Advanced Interventional Sys., Inc., 824 F. Supp. 583, 585-86 (E.D. Va. 1993) aff'd, 21 F.3d 424 (4th Cir. 1994); National Union Fire Ins. Co. v. Siliconix Inc., 729 F. Supp. 77, 79-80 (N.D. Cal. 1989).
 
 
 5
 In the months since the district court's opinion was entered, several relevant opinions have been published which have further clarified this issue. Two recent California Court of Appeals cases and three recent Ninth Circuit cases have held that under California law, insurers do not have a duty to defend, much less indemnify, a patent infringement suit under the rubric of "advertising injury." See Aetna Casualty and Surety Co. v. Superior Court (Watercloud Bed Co.), 23 Cal. Rptr.2d 442, 446 (4th Dist. 1993) ("Patent infringement cannot be committed in the course of advertising activities." Id.); Gitano Group, Inc. v. Kemper Group, 31 Cal. Rptr.2d 271, 275-77 (Cal. Ct. App. 1994) (no causal connection between advertising activities and patent infringement); Intex Plastics Sales Co. v. United Nat'l Ins. Co., 23 F.3d 254, 256 (9th Cir. 1994) ("Because direct infringement involves the making, using, or selling of the patented invention, the infringement does not occur in the course of the insured's advertising activities."); Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 229 (9th Cir. 1994) (same); Iolab Corp. v. Seaboard Surety Co., 15 F.3d 1500, 1505-07 (9th Cir. 1994) (no "causal nexus" between advertising and patent infringement as required by Bank of the West).
 
 
 6
 Techmedica's theory is that their "unique" way of marketing and selling their product causes advertising and sales activities to merge and thus creates the causal connection between the advertising activity and the patent infringement required by Bank of the West. This causal connection has been found lacking in every case where this theory has been advanced. Techmedica attempts to distinguish itself from these cases by stating that its infringement was more closely connected to advertising than in other cases because the order form and the advertisement for the prosthesis were one and the same. Because the prostheses were custom-made for each client, the very existence of the infringing product depended on the advertisement being read and utilized. While this is a novel argument, it is not persuasive. Techmedica simply cannot avoid the fact that it was the manufacture and sale of the product itself which infringed the patent, not the advertising. We are unable to conclude that the sales method utilized by Techmedica is so different from the sales methods used in Iolab, Everest and Jennings, and the other cases that it can satisfy the causal connection test of Bank of the West.
 
 
 7
 Because the causal connection test of Bank of the West is not met, we need not reach any of the other issues on appeal. The grant of summary judgment is AFFIRMED. Techmedica's request for attorney's fees is DENIED.
 
 
 
 *
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3