# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3982

_____

GRE Insurance Group/Tower      \*
Insurance Company, Inc., a      \*
Corporation,      \*
     \*
        Plaintiff - Appellee,      \*
     \*   Appeal from the United
     v.      \*   States District Court for
     \*   the District of Nebraska.
Complete Music, Inc., a Nebraska      \*
Corporation,      \*
     \*
        Defendant - Appellant.      \*

_____

Submitted: October 18, 2001
Filed: November 13, 2001

_____

Before MURPHY, BEAM, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

This declaratory judgment action was brought by GRE Insurance Group, Tower Insurance Co., Inc. (GRE) to obtain a ruling as to whether it had a duty to indemnify[1] its insured, Complete Music, Inc., for losses incurred in defending and settling a

_____

[1]GRE's complaint also raised the issue whether it had a duty to defend, but it later conceded that duty.

copyright infringement case. GRE's case was tried to the district court[2] which concluded that it had no duty to indemnify. On appeal Complete Music argues that there is coverage under the advertising injury provision of its insurance policy. We affirm.

Complete Music, Inc. is a franchisor of mobile disc jockey services. Complete Music solicited franchisees by advertising services it supplied. One of these services was the distribution of compilation music discs produced by Halland Broadcasting Company ("Halland"), which Complete Music later learned was not properly licensed to manufacture the discs. When the Recording Industry of America ("RIAA") sued Complete Music for direct and indirect copyright infringement of songs included on the Halland discs, it submitted the case to GRE under the "advertising injury" portion of its insurance policy. GRE declined coverage, and Complete Music eventually settled its case with the RIAA for $650,000.

GRE's insurance policy provided up to $1,000,000 in coverage to Complete Music for advertising injury as follows:

> This insurance applies to:
>
> . . . .
>
> (2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services.
>
> "Advertising Injury" means injury arising out of one or

---

[2]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska, presiding.

more of the following offenses:

. . . .

      d.     Infringement of copyright, title or slogan.

GRE filed this action to obtain a declaration that it had neither a duty to defend nor a duty to indemnify GRE under the advertising injury provisions of its policy. During pretrial proceedings GRE conceded that it had a duty to defend and entered into a stipulation related to the disposition of the indemnification issues.[3] After hearing the evidence at trial, the district court concluded that GRE had no duty to indemnify under the advertising injury provision because Complete Music had not established that its advertising caused copyright infringement. Complete Music appeals from the judgment for GRE on two grounds. Complete Music asserts that it did establish the necessary causal connection between its advertising and the infringement and also argues that the pretrial order and stipulation for partial summary judgment precluded GRE from disputing that it had a duty to indemnify.

A district court's findings of fact are reviewed for clear error, Fed. R. Civ. P. 52(a), and mixed questions of law and fact that require the consideration of legal concepts and involve the exercise of judgment about the values underlying legal principles are reviewable de novo. Sargent v. C.I.R., 929 F.2d 1252, 1254 (8th Cir. 1991).

---

[3]GRE stipulated in the pretrial order that the copyright action had given rise to a duty to defend "and, to some extent, indemnify (subject to the limitations set out below)" but that it "reserved the right to contest that any or all of the settlement amounts paid on the underlying claim follow from or were caused by the advertising injury, and reserves the right to contest its obligation to pay any amounts for indemnification under the settlement for that reason, but only that reason." It had also argued in the stipulation for partial summary judgment that one of the issues at trial involved "[t]he damages in money owed by plaintiff to defendant, if any, under the insurance policy....."

Causation is the central issue on this appeal. It is undisputed that Complete Music's dissemination to franchisees of compilation discs from an unlicensed vendor was followed by copyright infringement. The parties disagree on whether Complete Music's advertising caused the copyright infringement. Complete Music argues that it did because its advertising induced potential investors to become franchisees, and the franchisees were then contractually bound to use the infringing compilation discs. GRE counters that there was no causal connection between Complete Music's advertising and the copyright infringement because the advertising only induced investors to become franchisees, and it was the physical distribution of the Halland discs which led to the infringement.

Under Nebraska law, which the parties agree governs, the duty to indemnify arises from the actual coverage provided in an insurance policy. Cornhusker Agr. Ass'n v. Equitable Gen. Ins. Co., 392 N.W.2d 366, 373-74 (Neb. 1986). The GRE insurance policy provided coverage for an advertising injury if it was "*caused by an offense committed in the course of advertising your goods, products or services*" and it specifically included advertising injury arising from copyright infringement. Where infringement is the offense, the policy language would appear to require that the infringement occur during *the course of advertising*.

Neither the Nebraska courts nor this court have addressed the issue of causation in a duty to indemnify case involving coverage for copyright infringement under an advertising injury provision.[4] Courts that have addressed the causation issue

---

[4]Two cases cited by Complete Music are not to the contrary. Union Insurance Co. v. Land & Sky, Inc., 529 N.W.2d 773, 778 (Neb. 1995), was a patent case in which the court indicated that a *duty to defend* under an advertising injury provision could arise where the insured induced or contributed to the infringement; Nebraska considers the duty to defend to be broader than the duty to indemnify. See John Markel Ford, Inc. v. Auto-Owners Ins. Co., 543 N.W.2d 173, 179 (Neb. 1996). Although causation was raised on appeal in Callas Enterprises, Inc. v. Travelers

have held that the insured bears the burden of establishing that it infringed upon a copyright "in the course of its advertising." Sentry Ins. v. R.J. Weber Co., 2 F.3d 554, 556 (5th Cir. 1993) (per curiam) (citing with approval California and Florida cases). If the insured infringes a copyright in another manner, there is not coverage under this type of policy. Id., see Delta Computer Corp. v. Frank, 196 F.3d 589, 591 (5th Cir. 1999) (approving Sentry). Placing the burden on the insured to demonstrate that its advertising caused the infringement is consistent with Nebraska law, which assigns to the insured the burden to prove coverage where denied by the insurer. See Coppi v. W. Am. Ins. Co., 524 N.W.2d 804, 813 (Neb. 1994), Swedberg v. Battle Creek Mut. Ins. Co., 356 N.W.2d 456, 461 (Neb. 1984).

In similar advertising injury cases, courts have held that the insured must do more than simply show that the infringing product was advertised or sold. See, e.g., Rhein Bldg. Co. v. Gehrt, 21 F. Supp. 2d 896, 905 (E.D. Wis. 1998) (advertising must "materially contribute" to the infringement); Farmington Cas. Co. v. Cyberlogic Techs. Inc., 996 F. Supp. 695, 702 (E.D. Mich. 1998) (causal requirement cannot be satisfied by "mere showing" that allegedly infringing product was advertised); United States Fid. & Guar. Co. v. Star Techs., Inc., 935 F. Supp. 1110, 1116 (D. Or. 1996) ("something more" than the mere advertising of a product for sale is required to claim coverage under an advertising injury provision); Bank of the West v. Super. Ct. of Contra Costa County, 833 P.2d 545, 559 (Cal. 1992) ("Taken to its extreme, [the argument that no causal relationship is necessary] would lead to the conclusion that any harmful act, if it were advertised in some way, would fall under the grant of coverage merely because it was advertised.") (citation omitted). The Ninth Circuit has developed a two part test for causation which focuses on (1) whether the injury could have occurred "independent and irrespective" of the insured's advertising, or (2) whether the advertising caused the infringement or merely exposed infringing

---

Indemnity Co. of America, 193 F.3d 952, 954 (8th Cir. 1999), this court affirmed without reaching that issue.

practices. <u>Simply Fresh Fruit, Inc. v. Cont'l Ins. Co.</u>, 94 F.3d 1219, 1222-23 (9th Cir. 1996).

Complete Music failed to establish the requisite causal connection between its advertising activities and the copyright infringement by its franchisees. The evidence shows that the primary objective of its advertising activities was to induce the sale of franchises, not copyright infringement. There was no evidence that Complete Music advertised the Halland discs by name or that its advertising encouraged, instructed, or explained how its franchisees could engage in copyright infringement. Its sale and distribution of the Halland discs to its franchisees may have led to the infringement, but the infringement did not occur "in the course" of its advertising. <u>See</u> <u>Sentry</u>. It was the playing of the copyrighted songs that infringed, and this could have occurred independent of Complete Music's advertising. <u>See</u> <u>Simply Fresh Fruit</u>. Complete Music has at most shown that its advertising may have indirectly contributed to copyright infringement. We decline to extend coverage on this record where the plain language of the policy stipulates that the infringement must be committed in the course of advertising.

Complete Music's second ground for appeal is without merit. A plain reading of the pretrial order and stipulation for partial summary judgment indicates that GRE reserved the right to contest any indemnification based on the advertising injury provision in its policy.

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-