Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/12/2019 08:06 AM CDT

- 847 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

BETTY JANE BOWER-HANSEN, APPELLANT, V. NEBRASKA
DEPARTMENT OF HEALTH AND HUMAN SERVICES
ET AL., ADMINISTRATIVE AGENCIES OF THE
STATE OF NEBRASKA, AND THE STATE
OF NEBRASKA, APPELLEES.

___ N.W.2d ___

Filed April 12, 2019.    No. S-17-1278.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.

2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Contracts.** When the terms of a contract are clear, a court may not resort to rules of construction. Instead, the terms of the contract are to be accorded their plain and ordinary meaning.

4. ____. Courts do not have the power to rewrite a contract to provide terms contrary to those that are expressed.

5. ____. It is not the province of a court to rewrite a contract to reflect the court's view of a fair bargain.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Nicholas J. Welding, of Norby & Welding, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Ryan C. Gilbride for appellees.

- 848 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

After the Nebraska Department of Health and Human Services (DHHS) terminated the employment of Betty Jane Bower-Hansen as a teacher at the Youth Rehabilitation and Treatment Center in Kearney, Nebraska, Bower-Hansen sought to challenge the termination. She initiated grievance proceedings provided by the governing collective bargaining agreement (CBA). Those proceedings concluded when the State Personnel Board (Personnel Board) dismissed her grievance appeals. Bower-Hansen sought review of that decision in district court, and the district court affirmed the Personnel Board's decision. Bower-Hansen now appeals the district court's decision. We affirm.

## BACKGROUND

*June 3, 2016, Meeting.*

The facts relevant to this dispute begin with a June 3, 2016, meeting between Bower-Hansen; John McArthur, the principal at the treatment center; and LaDene Madsen, the human resources manager at the center. Bower-Hansen was a member of the bargaining unit represented by the State Code Agency Teachers Association (SCATA) at the time, and representatives of SCATA were also present at the meeting. During the meeting, Bower-Hansen was issued a notice of discipline advising her that her employment was terminated for cause, effective immediately.

Bower-Hansen claims that one of her union representatives asked where Bower-Hansen should file a grievance challenging her termination of employment and that Madsen said that it should be filed with Douglas Weinberg, the director of the Division of Children and Family Services at DHHS. DHHS apparently does not contest Bower-Hansen's account of the June 3, 2016, meeting.

- 849 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

*SCATA Grievance Procedures.*

The terms and conditions of employment for SCATA members were set forth in a CBA entered into between SCATA and the State of Nebraska. Because terms of the CBA are central to the arguments and issues in this case, we discuss them here.

The CBA allows teachers to file a grievance if they believe there has been a violation, misinterpretation, or misapplication of the CBA. It establishes a three-level grievance procedure. The first level (level one) requires the employee to submit the grievance to the "decision maker." There is apparently no dispute that the "decision maker" with respect to the termination of Bower-Hansen's employment was McArthur.

The CBA further provides that if the grievance is not resolved to the employee's satisfaction at level one, the employee may file a grievance with the "Agency Director" within 10 workdays of the receipt of the response at level one. Again, there is apparently no dispute that the "Agency Director" was Weinberg.

If a satisfactory resolution is not reached at the second level (level two), the CBA allows the employee to seek review from the Personnel Board. The Personnel Board is required to then hold a grievance hearing and issue a written response to the grievance. The Personnel Board's written response constitutes the final administrative decision of DHHS.

Importantly, section 7.7 of the CBA provides in part:

> The failure of the grievant to proceed to the first or subsequent steps of this grievance procedure within the time limits specified shall indicate that the grievant has elected not to file a grievance or has accepted the response previously rendered, and shall constitute a waiver of any future appeal.

*Grievance Proceedings.*

Less than a week after the June 3, 2016, meeting, Bower-Hansen, with the assistance of counsel, completed a grievance form challenging her termination. Rather than sending the

- 850 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

grievance to McArthur as the CBA required, Bower-Hansen sent the grievance to Weinberg in accordance with what she claims Madsen told her at the June 3 meeting.

After several weeks had passed without receiving a response, on June 29, 2016, Bower-Hansen proceeded to the third level (level three) of the grievance procedure and submitted a level three grievance to the Personnel Board. She claims she did so under the belief that she was allowed to skip level one and file her initial grievance at level two and that when she did not receive a timely response, she was entitled to proceed to level three. On July 1, however, Bower-Hansen received a level one grievance response from McArthur. The level one grievance response confirmed that McArthur had received the grievance. It denied the grievance and the relief sought, finding that there was just cause for the termination of Bower-Hansen's employment.

Bower-Hansen then submitted a level two grievance, objecting to McArthur's denial of her grievance at level one. DHHS received it on July 20, 2016. DHHS later rejected Bower-Hansen's level two grievance on the grounds that she did not file it within 10 workdays of her receipt of the level one response on July 1.

Bower-Hansen then filed another level three grievance with the Personnel Board. DHHS filed a motion to dismiss Bower-Hansen's grievance in its entirety. The Personnel Board appointed a hearing officer to conduct a hearing and recommend a decision. The parties then stipulated to the admission of various documents for the hearing officer to consider in resolving DHHS' motion to dismiss.

The hearing officer later issued a recommended order on DHHS' motion to dismiss. His recommended order found that Bower-Hansen's grievance should be dismissed because she failed to file her initial grievance with McArthur as required by the CBA. The Personnel Board later unanimously adopted the recommended decision of the hearing officer and dismissed Bower-Hansen's grievance.

- 851 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

*District Court.*

Bower-Hansen sought review of the dismissal of her grievance in the district court. The district court affirmed the Personnel Board's dismissal of her grievance. The district court agreed with the hearing officer's finding that Bower-Hansen had failed to comply with the CBA when she submitted her initial grievance to Weinberg rather than McArthur.

In addition, the district court found that even if Bower-Hansen's initial filing with Weinberg was appropriate, her subsequent grievance appeals were untimely under the CBA. The district court explained that after Bower-Hansen received McArthur's decision denying her level one grievance, she did not timely file her level two appeal within 10 workdays.

Bower-Hansen appealed the district court's decision.

## ASSIGNMENT OF ERROR

Bower-Hansen assigns multiple errors to the district court's decision, but they can be effectively consolidated and restated into one: that the district court erred by affirming the decision of the Personnel Board dismissing her grievance.

## STANDARD OF REVIEW

[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

*Bower-Hansen Was Required to*
*Submit Level One Grievance.*

In her primary argument on appeal, Bower-Hansen contends that she was not required to submit a level one grievance

- 852 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

and could begin the grievance process at level two. If her initial grievance is understood as a valid level two grievance, the argument goes, it was properly filed with Weinberg and her subsequent challenges to her termination were timely raised. As we will explain, however, we disagree with Bower-Hansen's position that she was entitled to skip level one of the grievance process provided by the CBA.

Bower-Hansen offers multiple reasons for her belief that she was entitled to file her grievance at level two. She first points us to Nebraska's Classified System Personnel Rules, found at title 273 of the Nebraska Administrative Code. She contends that a provision of those rules, 273 Neb. Admin. Code, ch. 15, § 008 (2006), applies to her and allowed her to proceed directly to level two. And, indeed, those rules do refer to a three-level grievance procedure similar to that set forth in the SCATA CBA and do contain a provision allowing for the initiation of grievances at level two "[i]f the grievance involves an involuntary separation . . . ." 273 Neb. Admin. Code, ch. 15, § 008.

As promising for Bower-Hansen's position as the provision quoted above may initially sound, the argument collapses upon further scrutiny. As Bower-Hansen concedes, the terms and conditions of her employment were provided by the CBA. This is relevant because the Classified System Personnel Rules provide as follows: "Employees subject to certified Collective Bargaining Agreements as prescribed in Section 81-1373 and 1374 are not covered by these rules to the extent that wages, hours and other terms and conditions of employment are provided for by contract." 273 Neb. Admin. Code, ch. 1, § 004.03 (2006). Neb. Rev. Stat. § 81-1373 (Reissue 2014) refers to a number of units created by statute for collective bargaining purposes. Among them, there is a unit composed of "employees required to be licensed or certified as a teacher." § 81-1373(1)(k). In the CBA, the State recognizes SCATA as the collective bargaining agent for teachers employed by the State. Because the terms and conditions of

- 853 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

Bower-Hansen's employment are provided in the CBA, the Classified System Personnel Rules do not, of their own force, apply to Bower-Hansen.

We recognize that the CBA incorporates some sections of the Classified System Personnel Rules by reference, but it does not incorporate the provision allowing employees to skip level one of the grievance process. Moreover, that provision is flatly inconsistent with the provision of the CBA providing that the failure of the grievant to proceed to the first step or subsequent steps of the grievance process constitutes a waiver of the right to any future appeal. The provision in the Classified System Personnel Rules allowing for some grievances to be filed at level two does not apply to Bower-Hansen.

Bower-Hansen next argues that she was entitled to initiate her grievance at level two, because Madsen advised her that she could do so at the June 3, 2016, meeting. But, in fact, there is no allegation that Madsen told Bower-Hansen that she could initiate her grievance at level two; Bower-Hansen and her union representatives allege only that she was told she should submit her initial grievance to Weinberg. We question whether Bower-Hansen could ever rely on Madsen's advice rather than the terms of the CBA, but she certainly could not rely on something Madsen is not even alleged to have said. Given the absence of any allegation or evidence that Bower-Hansen was told she could proceed directly to level two of the grievance process, we find no basis to conclude that a statement made at the June 3 meeting allowed her to do so.

### Bower-Hansen Failed to Comply With CBA.

Because Bower-Hansen was not entitled to initiate her grievance at level two, either she did not file a level one grievance or she submitted one, but to the wrong official. In either case, Bower-Hansen failed to comply with the grievance procedures in the CBA. As we have already explained, the CBA explicitly provides that employees cannot skip levels in the

- 854 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

grievance process. If Bower-Hansen's initial grievance was a level two grievance, she ran afoul of this language.

Bower-Hansen can make different arguments if her initial grievance is treated as a level one grievance sent to the wrong official. Here, Bower-Hansen could contend that Madsen told her to file her grievance with Weinberg. Additionally, Bower-Hansen could point out that DHHS, at least for a time, overlooked the fact that she submitted her grievance to the wrong official. After all, even though Bower-Hansen submitted the initial grievance to Weinberg, she received a response from McArthur, who considered her grievance and denied it, not because it was submitted to the wrong official, but because he found her termination of employment was supported by good cause.

But even assuming these facts could excuse Bower-Hansen's submission of the grievance to the wrong official, they cannot excuse the fact that she did not timely file a level two grievance after receiving McArthur's denial at level one. DHHS did not receive Bower-Hansen's challenge to McArthur's response at level one until July 20, 2016. Even Bower-Hansen does not contend on appeal that this was timely under the provision in the CBA requiring level two grievances to be filed within 10 workdays of the receipt of a denial at level one.

*Bower-Hansen Waived Her Right*
*to Continue to Pursue*
*Her Grievance.*

As demonstrated above, whether Bower-Hansen's initial grievance is treated as a level one or level two grievance, she failed to comply with the CBA. Bower-Hansen argues that even if she failed to comply with the terms of the CBA, her grievance could not be dismissed on this basis. For reasons we will explain, we disagree.

As we have noted, section 7.7 of the CBA provides that the failure of an employee to "proceed to the first or subsequent

- 855 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

steps of this grievance procedure within the time limits specified shall indicate that the grievant has elected not to file a grievance or has accepted the response previously rendered, and shall constitute a waiver of any future appeal." Whether Bower-Hansen skipped level one or failed to timely file a level two grievance, she failed to proceed to the required steps of the grievance procedure in the time limits specified. The CBA provides that such a failure constitutes a waiver of future appeals.

Bower-Hansen urges us to find that she did not waive her claims under the terms of the CBA. She claims that a finding of waiver results in the dismissal of her grievance on "technical" grounds. Brief for appellant at 10. According to Bower-Hansen, such a dismissal runs contrary to principles governing the interpretation of collective bargaining agreements. In support of her argument that a finding of waiver would be an impermissible "technical" dismissal of a grievance, Bower-Hansen invokes language from a 1934 opinion from this court. In that opinion, we quoted language from another court stating that collective bargaining agreements "'ought to be construed not narrowly and technically but broadly and so as to accomplish its evident aims.'" *Rentschler v. Missouri P. R. Co.*, 126 Neb. 493, 500, 253 N.W. 694, 698 (1934), quoting *Yazoo & M. V. R. Co. v. Webb*, 64 F.2d 902 (5th Cir. 1933).

[3] The language Bower-Hansen relies on does not preclude a collective bargaining agreement from providing for the waiver of claims for the failure to comply with procedural steps. At most, it adopts a rule of construction for collective bargaining agreements. Even if that rule of construction might apply in some circumstances, it would have no bearing here. When the terms of a contract are clear, a court may not resort to rules of construction. *Kercher v. Board of Regents*, 290 Neb. 428, 860 N.W.2d 398 (2015). Instead, the terms of the contract are to be accorded their plain and ordinary meaning. See *id*. We have previously applied this familiar rule when presented with a collective bargaining agreement. See *Murphy*

- 856 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

*v. City of Lincoln*, 245 Neb. 707, 515 N.W.2d 413 (1994). Here, section 7.7 of the CBA provides that if an employee fails to timely follow all of the steps of the grievance process, the employee waives the right to future appeals. Given these clear terms, rules of construction do not come into play.

The language in the CBA providing that the failure to timely follow all of the steps of the grievance process constitutes a waiver of the right to future appeals also distinguishes this case from *Parent v. City of Bellevue Civil Serv. Comm.*, 17 Neb. App. 458, 763 N.W.2d 739 (2009), a Nebraska Court of Appeals opinion cited by Bower-Hansen. In *Parent*, a collective bargaining agreement required a city to take disciplinary action against a police officer within 30 days of being notified of a potential cause for discipline. After the city terminated the employment of an officer outside the 30-day deadline and the officer challenged his termination, the district court held that the city could not validly terminate the officer's employment. The Court of Appeals reversed. It explained that the collective bargaining agreement provided a timeline for an investigation, but "no explicit recourse for the employee in the case of a delay." *Id.* at 464, 763 N.W.2d at 745. Based on the absence of any language precluding the city from imposing discipline outside the 30-day deadline, the Court of Appeals held that the city's failure to adhere to the deadline did not deprive it of the power to impose discipline.

[4,5] Unlike the collective bargaining agreement in *Parent*, the CBA in this case explicitly and plainly provided a consequence for the failure to proceed to each of the required steps of the grievance procedure by the specified deadlines: waiver of the right to future appeals. Bower-Hansen can prevail only if this language is not enforced. Courts do not, however, have the power to rewrite a contract to provide terms contrary to those that are expressed. See *Berens & Tate v. Iron Mt. Info. Mgmt.*, 275 Neb. 425, 747 N.W.2d 383 (2008). Nor is it the province of a court to rewrite a contract to reflect the court's view of a fair bargain. *Id*.

- 857 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
BOWER-HANSEN v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 847

Because Bower-Hansen waived the right to continue to pursue her grievance under the terms of the CBA, the district court did not err in affirming the Personnel Board's dismissal of her grievance.

## CONCLUSION

We find that the district court did not err in affirming the order of the Personnel Board dismissing Bower-Hansen's grievance. We therefore affirm the order of the district court.

Affirmed.